UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR S.,<br><br>  Plaintiff,[1]<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No.: 25-cv-2483-DEB<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND SCREENING ORDER**<br><br>**[DKT. NO. 2]** |

Before the Court is Plaintiff Amir S.'s Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). Dkt. No. 2.

**I.    *IN FORMA PAUPERIS* APPLICATION**

All parties instituting any civil action, suit, or proceeding in a district court of the United States must pay a filing fee. 28 U.S.C. § 1914(a). Courts may waive prepayment of fees if the plaintiff submits an affidavit, including a statement of all his assets, showing he is unable to pay the filing fee. 28 U.S.C. § 1915(a). The affidavit must "state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *Escobedo v.*

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case. CivLR 7.1(e)(6)(b).

*Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (internal citations omitted). An affidavit is sufficient if it shows the applicant cannot pay the fee "and still be able to provide himself and dependents with the necessities of life." *Wells v. Acosta*, 609 F. App'x 430, 430 (9th Cir. 2015) (internal citations omitted).

Plaintiff's application establishes he is unemployed and owns one vehicle worth $16,971.00. Dkt. No. 2 at 2–3. He was last employed by United Health Group in March of 2021 and received $40,000.00 in gross annual pay.[2] *Id*. at 2; Dkt. No. 9 at 1. Plaintiff has neither savings nor income and has $1,251.00 in monthly expenses. Dkt. No. 2 at 4–5; Dkt. No. 9 at 2. His "family helps when possible" and pays "all of [his] current living expenses." Dkt. No. 2 at 5; Dkt. No. 9 at 2. Plaintiff does not expect any major financial changes to occur in the next twelve months. Dkt. No. 9 at 2.

Based on the foregoing, the Court finds Plaintiff has sufficiently shown he cannot pay the filing fee and afford the necessities of life. The Court, therefore, **GRANTS** Plaintiff's IFP Application. Dkt. No. 2.

**II.     SCREENING THE COMPLAINT**

Because Plaintiff is proceeding IFP, his complaint requires pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B). *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915€(2)(B) are not limited to prisoners").

The Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) require the complaint to include the following:

> (A) state that the action is brought under § 405(g); (B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision; (C) state the name and the county of residence of the person for whom benefits are claimed; (D) name the person on whose wage record benefits are claimed; and (E) state the type of benefits claimed.

---

[2] Plaintiff's IFP Application states he earned $40,000.00 in gross monthly pay from United Health Group. Dkt. No. 2 at 2. At the Court's invitation (Dkt. No. 8), Plaintiff later clarified his United Health salary, stating he earned $40,000.00 annually (Dkt. No. 9 at 1).

Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(A)–(E); *see also Vaughn J. v. O'Malley*, 24-cv-1124-VET, 2024 WL 3732480, at *2 (S.D. Cal. Aug. 8, 2024) ("[I]n the context of a Social Security action, the Court applies the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) . . . to determine whether the Complaint states a claim for relief." (citations omitted)).

Plaintiff's complaint satisfies the pleading requirements. Dkt. No. 1. It states the action is brought under 42 U.S.C. § 405(g), identifies the final decision to be reviewed as the Commissioner's unfavorable decision, provides Plaintiff's name and states he resides in San Diego County, establishes Plaintiff is claiming benefits on his own wage record, and confirms he is claiming disability insurance benefits. Dkt. No. 1 at 1–2. Plaintiff further alleges the Commissioner's "denial of his disability claim is not supported by substantial evidence . . . including the weight of the evidence, his credibility, [and] the medical evidence of record[.]" *Id.* at 2. Finally, there is no indication Plaintiff's Complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

### III.   CONCLUSION

Based on the foregoing, the Court finds Plaintiff has sufficiently shown he lacks the financial resources to pay his filing fee. The Court, therefore, **GRANTS** Plaintiff's IFP Application. Dkt. No. 2.

**IT IS SO ORDERED**.

Dated:  December 19, 2025

_____
Honorable Daniel E. Butcher
United States Magistrate Judge